**Manuel Eduardo VARGAS–FLORES, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72672.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 26, 2004.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Lagu-na Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael P. Lindemann, Esq., Lyle Jentzer, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: O'SCANNLAIN, RYMER and BEA, Circuit Judges.

## MEMORANDUM **

Manuel Eduardo Vargas–Flores, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

■ Substantial evidence supports the IJ's conclusion that Vargas–Flores failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Vargas–Flores testified that fellow merchants beat him on three occasions. However, Vargas–Flores failed to demonstrate that he suffered this treatment on account of his actual or imputed political opinion. *See id.* at 483–84, 112 S.Ct. 812; *Sangha v. INS,* 103 F.3d 1482, 1490–91 (9th Cir.1997).

■ Because Vargas–Flores failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See*

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Finally, Vargas–Flores' contention that the BIA's summary affirmance of the IJ's order violates due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Vargas–Flores' motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc,* to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.